UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY D. BROWN, | ) | CASE NO.: 5:08CV599 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| STEWART HUDSON, Warden, | ) | **ORDER AND DECISION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation of the Magistrate Judge filed by Petitioner Jeffrey Brown. Upon due consideration, the Court overrules Brown's objections. The Court adopts the recommendation of the Report and the petition is hereby DENIED.

**I.    Facts**

On October 25, 2005, Brown was indicted on one count of murder, one count of aggravated murder, one count of aggravated robbery, and one count of having a weapon while under disability. The initial three counts each included a firearm specification. The indictment stemmed from events that took place on the evening of September 30, 2005 and the early morning of October 1, 2005. For that matter, it is undisputed that Brown was involved in an altercation with Curtis "Taco" Williams. As a result of that altercation, Brown was shot twice and hospitalized for a lengthy period of time, and Williams was shot twice and died on October 1,

2005.

     Brown pled not guilty to the charges against him and moved to suppress a statement taken by officers while he was hospitalized.  Brown asserted that the statement should be suppressed because his medication and injuries caused the statement to be involuntary.   The trial court held a hearing on the motion and ultimately denied Brown's motion to suppress.   The matter proceeded to trial and on March 2, 2006, a jury found Brown guilty of murder, aggravated robbery, and having a weapon under disability.   On April 3, 2006, Brown was sentenced to twenty years to life in prison.

     Brown appealed to Ohio's Ninth District Court of Appeals and raised two assignments of error.  Brown asserted that his convictions were against the manifest weight of the evidence and that the trial court had erred in denying his motion to suppress.   The appellate court found no error and affirmed on March 14, 2007.   Brown appealed to the Ohio Supreme Court, asserting the same two errors.   On September 26, 2007, the Ohio Supreme Court declined to hear the appeal.

     On March 2, 2008, Brown filed his habeas petition in this Court.   In his petition, Brown alleged three grounds for relief.   Brown asserts that his aggravated robbery conviction was based upon insufficient evidence, that his rights were violated when his involuntary statement was presented to the jury, and that his Fifth Amendment rights were violated when he was forced to relinquish his right to remain silent through his involuntary statements.   This Court referred the matter to Magistrate Judge Nancy Vecchiarelli and the Magistrate Judge issued a Report and Recommendation on January 21, 2009, recommending that the Court deny the petition.   Brown filed objections to the Report on February 23, 2009.   The Court now resolves those objections.

**II.     Law and Analysis**

The Court has conducted a *de novo* review of Brown's objections.  Upon review, the Court finds no error and ADOPTS IN WHOLE the Magistrate Judge's Report and Recommendation.

**A.  Brown's Sufficiency Objection**

Brown first appears to take issue with the factual findings relied upon by the state appellate court.   Brown alleges that the state court and the magistrate erred in relying on testimony that was later retracted or recanted.   The Court finds no merit in this argument.

The state court's findings of fact are presumed to be correct unless they are rebutted by clear and convincing evidence.   *Benge v. Johnson*, 474 F.3d 236, 241 (6th Cir. 2007).   Brown has not offered any evidence to undermine the state court's factual findings.   While Brown has asserted that the witnesses against him lacked credibility, he has pointed to no evidence that would alter the state court findings.

Brown's challenge to the factual findings is the centerpiece of his sufficiency argument. As noted above, Brown has produced no evidence of any kind to support his argument.   Instead, he simply argues that the jury should have believed him instead of the State's witnesses. However, "[i]n habeas cases we review the sufficiency of the evidence supporting a jury verdict, through the framework of § 2254(d), to determine whether, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."   *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002) (citing *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).   Accordingly, Brown's challenges to credibility do not warrant habeas relief.

Moreover, the state court and Magistrate Judge properly concluded that a jury could have convicted Brown for aggravated robbery based upon that evidence that was presented. Brown admitted to fighting with and shooting the victim. While Brown asserted self-defense, the jury heard evidence that he ran from the scene of the crime, was clutching $48 in his hand, and hid the murder weapon in the bushes while fleeing the scene. Viewing this evidence in a light most favorable to the State, there was sufficient evidence to support Brown's aggravated robbery conviction.

In this regard, Brown focuses upon the fact that the victim still had more than $80 on his person when his body was found by the police. Additionally, Brown testified that the $48 in his hand belonged to him and that he was merely verifying that he had not been robbed during the scuffle with the victim. As such, Brown alleges that no jury could find him guilty of robbery. The fact that Brown was unsuccessful in taking every dollar from the victim does not undermine the evidence that supported Brown's conviction. Brown's first objection lacks merit.

### B. Brown's challenge to the introduction of his statement

In his remaining two arguments, Brown merely reiterates his prior arguments that his statement was not knowing, intelligent, and voluntary. In this regard, the Magistrate Judge thoroughly rejected Brown's argument.

Brown first asserts that his statement was taken in violation of his *Miranda* rights. The Magistrate Judge concluded that any such violation would not have resulted in suppression because the tape was used solely for impeachment purposes. *See Harris v. New York*, 401 U.S. 222, 224-25 (1971). Brown asserts that this was erroneous because the tape was not used for impeachment purposes. Specifically, Brown asserts that he could not be impeached with this

prior statement because he did not remember giving such a statement.  As it relates to the *Miranda* issue, the State quite clearly used the tape for impeachment purposes.  Regardless of Brown's allegation that he did not remember giving the statement and was hallucinating during the statement, the State properly used the tape as an impeachment tool.[1]  The Magistrate Judge, therefore, properly concluded that the State did not err as it relates to the *Miranda* issue now raised by Brown.

The remainder of Brown's objection focuses upon whether the Magistrate Judge erred when she concluded that Brown's statement had been made knowingly and voluntarily.  The Court finds no error in the Magistrate Judge's conclusion.

Brown first asserts on numerous occasions that his statement was coerced by police because he was on medication when the statement was received.  Brown also argues that his statement was not knowingly made because of his medication.  While Brown has cited to numerous cases, he has offered no argument as to how the State court erred in its conclusion.  Furthermore, he has offered no argument as to how the Magistrate Judge erred in her conclusion.  Instead, Brown merely reiterates arguments that were made by his trial counsel in support of his motion to suppress.

As the Magistrate Judge aptly noted, Brown has offered no evidence of any facts to support a coercion argument.  Doc. 35 at 20-21.  In his objections, Brown has likewise failed to identify any facts that support a conclusion that he was coerced.  The Court, therefore, finds that Brown's statement was voluntary.

Finally, Brown alleges that due to his medication and injuries that his statement was not knowingly given.  Brown asserts any reasonable officer would have known that his medication

---

[1] To be clear, the statement must be voluntary to be used to impeach.  *See Michigan v. Harvey*, 494 U.S. 344, 350 (1990).  Brown's argument regarding the voluntary nature of his statement is addressed below.

and injuries rendered him unable to give a knowing statement.  The Court finds no merit in this objection.

During his trial testimony, Brown went to great lengths to assert that a majority of the damaging portion of his statement was the result of delusions and hallucinations.  Conveniently, Brown testified that the facts that he gave in that statement that were consistent with his self-defense theory were all accurate.

The Court has listened to the statement at issue.  During the tape, Brown does give contradicting statements.  Furthermore, on occasion, Brown gives answers that make little or no sense.  However, at the same time, Brown is able to give a substantial amount of information about himself and about the night in question.  Brown accurately gives his address, phone number, and social security number.  Brown also accurately describes the work he was performing the days leading up to the crime.  In addition, Brown was able to confirm to the detective that he had not received medication for roughly five hours before the interview began.

In addition to the fact that Brown was able to provide accurate information, the Court also notes that the detective that interviewed Brown did not rush to conduct the interview.  The detective was present shortly after Brown was admitted to the hospital, but he did not attempt to interview Brown because of his medical condition.  The detective returned several days later, but he again declined to interview Brown because of his medical condition.  It was not until Brown was removed from the intensive care unit that the detective interviewed him.  Even then, the detective did not attempt to interview Brown until he confirmed with a nurse that Brown was not under the influence of any drugs that would affect his ability to answer questions.

Moreover, several of Brown's misstatements are explained by the fact that Brown was in a coma for several days following the shooting.  Brown told the detective a date that was off by 8

days. Likewise, Brown told the detective that he had been shot six times. Given the severity of his injuries, there is little doubt that Brown may have legitimately been confused regarding the date and his injuries.

At the same time, Brown was able to identify numerous individuals that were present on the night of the crime. Brown was also able to accurately remember that he had been drinking with the victim on the night of the crime. Moreover, Brown gave a coherent, well-organized version of the facts that led to his altercation with the victim, and he described the altercation and its aftermath in great detail.

While Brown gave other inconsistent and irregular statements, these are easily explained by Brown's desire to avoid criminal charges. As was demonstrated during his trial testimony, Brown was more than willing to adopt portions of his statement so long as they supported his self-defense theory. During trial, Brown attempted to distance himself from only those statements that tended to inculpate him.

Accordingly, the Court agrees that Brown's statement was knowingly, intelligently, and voluntarily made. A vast majority of Brown's statement is completely coherent and factually consistent with the remaining evidence introduced at trial. The Magistrate Judge, therefore, did not err in finding that Brown had failed to demonstrate that the State court erred in finding that his statement was knowing and voluntary. Brown's second and third objections are overruled.

### III.  Conclusion

Brown's objections are overruled. The Report is ADOPTED IN WHOLE. The petition is hereby DENIED.

Pursuant to 28 U.S.C § 1915(a)(3), the Court certifies that Petitioner Jeffrey Brown may not take an appeal from the Court's decision in good faith and that there is no basis upon which to issue a certificate of appealability.   28 U.S.C. § 2253(c); Fed.R. App.P. 22(b).

IT IS SO ORDERED.

April 9, 2009                                                                    /s/ John R. Adams
                                                              JUDGE JOHN R. ADAMS
                                                              UNITED STATES DISTRICT JUDGE